## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LINDA FALGIANI** | § | |
| | § | |
| **v.** | § | **Civil Action No.** __5:20-cv-79____ |
| | § | |
| **STATE FARM LLOYDS** | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant State Farm Lloyds (hereinafter referred to as "State Farm"), files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

### *Procedural Background:*

1.      On December 11, 2019, Linda Falgiani (hereinafter referred to as "Plaintiff") filed her Original Petition in the matter entitled Cause No. 19972A; *Linda Falgiani v. State Farm Lloyds;* In the 216th Judicial District, Kerr County, Texas.  State Farm timely filed its answer on January 9, 2019.

### *Nature of the Suit:*

2.      This lawsuit involves a dispute over Defendant's handling of Plaintiff's insurance claim for damages allegedly caused by storm damage, to Plaintiff's residential property at 129 Willow Way Kerrville, Texas occurring on or about May 9, 2019.  Plaintiff asserts causes of action against State Farm for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.  Plaintiff currently seeks the costs associated with repair of her property in addition to damages for knowing statutory violations, punitive damages, statutory interest penalties, attorneys' fees, pre- and post-judgment interest, and other litigation expenses and costs of court.

### Basis for Removal

3.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the parties.  Upon information and belief, Plaintiff was a citizen of Texas when her Petition was filed, and continues to be a citizen of Texas.

5.      At the time Plaintiff filed its Original Petition in District Court on December 11, 2019, and as of the date of filing this Notice, State Farm was and still is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code.  It consists of an unincorporated association of individual underwriters.  Lloyds entities have the citizenship of their underwriter members.  *See Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-83 (5th Cir. 1993) *cert*. *denied*, 114 S. Ct. 1541 (1994) (citizenship of unincorporated *association* determined by citizenship of its members).  For the purposes of determining diversity, "a natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely." *Underwood Res., LLC v. Brigadier Oil & Gas, LLC*, 3:15-CV-1024-L, 2015 WL 11120876, at *1 (N.D. Tex. June 18, 2015).  at the time this action commenced, and at all times since, each of the State Farm Lloyds underwriters were, and still are, natural persons domiciled in Illinois.  Accordingly, based on its members' citizenships, State Farm Lloyds is a citizen of Illinois and complete diversity exists between Plaintiff and State Farm Lloyds.[1]

---

[1] *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas.  This means State Farm and the Plaintiffs are completely diverse.")

6.    Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds the jurisdictional threshold.  In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[2]  Here, Plaintiff claims that a wind/hail storm caused damage to her property that Plaintiff insured through State Farm.[3]  Plaintiff seeks damages for State Farm's refusal to fully compensate Plaintiff under the terms of her insurance contract.[4]  The Policy at issue is a Texas Homeowner's Policy with coverage limits of $275,600.00 for the dwelling, $85,700.00 for other structures, and $241,700.00 for the contents.

7.    In addition, Plaintiff seeks statutory penalties and treble damages under the Texas Insurance Code.[5]  Plaintiff also seeks attorney fees for bringing this suit.[6]  Plaintiff has not provided a binding stipulation limiting her damages to below the federal court jurisdiction level. Thus, given the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

---

[2]  *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[3] *See* Exhibit A, Original Petition at paragraphs 6-21.
[4] *See* Exhibit A, Original Petition at paragraphs 22-32.
[5] *Id.*
[6] *Id.*

*The Removal is Procedurally Correct*

8.     State Farm was first served with the Original Petition in District Court on December 19, 2019.  Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

9.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

10.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filing in the state court action are attached to this Notice as Exhibit "A."

11.     Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

12.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for the 216th Judicial District Court of Kerr County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Lloyds requests that this action be removed from the 216th Judicial District Court, Kerr County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be appropriate.

Respectfully submitted,

By:  _____
David R. Stephens
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
LINDOW STEPHENS TREAT LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700

San Antonio, Texas  78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
cholloway@lstlaw.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **21**st day of **January 2020**, addressed to those who do not receive notice from the Clerk of the Court.

      Jacqueline M. Sandoval
      Perry Dominguez Law Firm PLLC
      1045Cheever Blvd., Suite 103
      San Antonio, Texas 78217
      jacqueline@pdattorney.com

_____
Carrie D. Holloway

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LINDA FALGIANI** | § | |
| | § | |
| | § | |
| | § | |
| **vs.** | § | **Civil Action No.** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| | § | |

---

### INDEX OF MATTERS BEING FILED

---

1.  Defendant's Notice of Removal

2.  Exhibit A:   Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

3.  Exhibit B:   A list of counsel of record.

# Exhibit A

Skip to Main Content   Logout   My Account   Search Menu   New Civil Search   Refine Search   Back                    Location : All Courts     Images   Help

# REGISTER OF ACTIONS
## CASE NO. 19972A

| Linda Falgiani V. State Farm Lloyds | § | Case Type: | **Accounts, Contracts, Notes** |
|---|---|---|---|
| | § | Date Filed: | **12/11/2019** |
| | § | Location: | |
| | § | | |
| | § | | |
| | § | | |

| PARTY INFORMATION | | | |
|---|---|---|---|

| | | | **Attorneys** |
|---|---|---|---|
| **Defendant** | **State Farm Lloyds** | | **David Stephens** |
| | Registered Agent: Corporation Service Company | | *Retained* |
| | 211 E. 7th Street Suite 620 | | 210-227-2200(W) |
| | Austin, TX 78701 | | 210-227-4602(F) |
| | | | dstephens@lstlaw.com |
| | | | |
| **Plaintiff** | **Falgiani, Linda** | Female White | **Jacqueline M. Sandoval** |
| | 129 Willow Way | 5' 8", 140 lbs | *Retained* |
| | Kerrville, TX 78028 | | 210-562-2879(W) |
| | | | 210-570-2322(F) |
| | | | jacqueline@pdattorney.com |

| EVENTS & ORDERS OF THE COURT | | | |
|---|---|---|---|

| | **OTHER EVENTS AND HEARINGS** | | |
|---|---|---|---|
| 12/11/2019 | **Plaintiffs Original Petition** | | |
| 12/16/2019 | **Citation By Certified Mail** | | |
| | State Farm Lloyds | Served | 12/19/2019 |
| | | Response Due | 01/13/2020 |
| 01/09/2020 | **Original Answer** | | |
| | *Defendant State Farm LLoyds Original Answer* | | |

| FINANCIAL INFORMATION | | | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | **Civil - Plaintiff Attorney** Sandoval, Jacqueline M. | | |
| | Total Financial Assessment | | 430.00 |
| | Total Payments and Credits | | 430.00 |
| | **Balance Due as of 01/21/2020** | | **0.00** |
| | | | |
| 12/16/2019 | Transaction Assessment | | 430.00 |
| 12/23/2019 | Payment            Receipt # DC-117297 | Sandoval, Jacqueline M. | (430.00) |



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 20861025**
**Date Processed: 12/19/2019**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Linda Falgiani vs. State Farm Lloyds |
| **Matter Name/ID:** | Linda Falgiani vs. State Farm Lloyds (9866739) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Kerr County District Court, TX |
| **Case/Reference No:** | 19972A |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 12/19/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Jacqueline M. Sandoval<br>210-562-2879 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| CITATION – Certified Mail - TRC 99 |
| --- |

THE STATE OF TEXAS:                    Cause No. 19972A

Linda Falgiani V. State Farm Lloyds

§   IN THE 216th District court
§   OF
§   KERR COUNTY, TEXAS

TO: State Farm Lloyds - Defendant - GREETING
Registered Agent: Corporation Service Company
211 E. 7th Street Suite 620
Austin, Texas 78701-3218

**NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you."**  *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation. Said Plaintiff's Petition was filed in said court on the 11th day of December, 2019 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Kerrville Texas on this the 16th day of December, 2019.

Attorney for Plaintiff or Plaintiff:
Jacqueline M. Sandoval
Perry Dominguez Law Firm PLLC
1045 Cheever Blvd Suite 103
San Antonio, TX  78217

Clerk of the Court:
Dawn Kay Lantz, District Clerk
700 Main Street, Suite 236
Kerrville, Kerr County, Texas

By_____ Deputy
Jessica Salinas

*******************************************************************************************************

<u>CERTIFICATE OF DELIVERY BY CERTIFIED MAIL</u>

Came to hand on the 16th day of December 2019 at 3:51 o'clock PM and executed the 16th day of December 2019 by mailing the same to State Farm Lloyds through their Registered Agent: Corporation Service Company, Defendant by certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition were attached thereto.

Dawn Kay Lantz, District Clerk
700 Main Street, Suite 236
Kerr County, Texas

By_____ Deputy

Filed 12/11/2019 5:13 PM
Dawn Kay Lantz
District Clerk - Kerr County, TX
By:   Jessica Salinas, Deputy

CAUSE NO. 19972A

| | | |
|---|---|---|
| LINDA FALGIANI | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | 216th JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | |
| *Defendant.* | § | KERR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, LINDA FALGIANI, files this Original Petition against STATE FARM LLOYDS,

("STATE FARM"), and in support of PLAINTIFF, would respectfully show the Court as follows:

### I.    DISCOVERY

1.    Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190

and affirmatively pleads that this suit does not fall under the expedited-actions process of Texas Rule of

Civil Procedure 169 because this case involves complex issues and will require extensive discovery.

Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a

discovery control plan tailored to a Level 3 discovery plan.

### II.  RELIEF

2.      As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states the

damages sought are in an amount within the jurisdictional limits of this Court. Plaintiff seeks monetary

relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs,

expenses, prejudgment interest, and attorney's fees. Tex. R. Civ. P. 47(c)(4).  A jury, however,

will ultimately determine the amount of monetary relief awarded.  Plaintiff also seeks pre-judgment

and post-judgment interest at the highest legal rate.

### III. PARTIES AND SERVICE

3.      Plaintiff resides in KERR County, Texas.

4.      Defendant STATE FARM is in the business of insurance in the State of Texas.  The insurance business done by STATE FARM in Texas includes, but is not limited to, the following:

      a. The making and issuing of contracts of insurance with the Plaintiff;

      b. The taking or receiving of applications for insurance, including the Plaintiff's application for insurance;

      c. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

      d. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served through **its registered agent: Corporation Service Company, 211 E. 7th St. Ste. 620, Austin, Texas 78701-3218** or wherever else it may be found. Service is requested by certified mail, return receipt requested at this time.

### IV. JURISDICTION AND VENUE

5.      Venue is appropriate in KERR County, Texas because all or part of the conduct giving rise to the causes of action were committed in KERR County, Texas and the Plaintiff and property which is the subject of this suit are located in KERR County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### V. FACTS

6.      Plaintiff is the owner of a Homeowners Policy (No. 83NG57606) for the property

in dispute (hereinafter referred to as "the Policy"); which was issued by STATE FARM.

7.     Plaintiff owns the insured property, which is specifically located at: 129 Willow Way, Kerrville, Texas 78028-7547 (hereinafter referred to "the Property").

8.     STATE FARM sold the Policy insuring the Property to Plaintiff.

9.     During the terms of said Policy, on or about May 9, 2019, under Claim Number: 53-8941-M21, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported such damages pursuant to the terms of the Policies.   Plaintiff asked that STATE FARM cover the cost of repairs to the Property pursuant to the Policy.   STATE FARM failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

10.    As detailed in the paragraphs below, STATE FARM wrongfully undervalued and denied Plaintiff's claim for repairs to the Property, even though the respective Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, STATE FARM failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

11.    To date, STATE FARM continues to delay in the payment for the damages to the Property.

12.    STATE FARM failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy.   Specifically, STATE FARM refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. STATE FARM's conduct constitutes a breach of the insurance contract between it and Plaintiff.

13.    Pleading further, STATE FARM misrepresented to Plaintiff that the damage to

Properties were not covered under the Policy, even though the damages were caused by a covered occurrence. STATE FARM's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

14.     STATE FARM failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policies. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

15.     STATE FARM failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, STATE FARM did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. STATE FARM conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

16.     STATE FARM failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

17.     Further, STATE FARM failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

18.    STATE FARM failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.   Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim.   STATE FARM's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

19.    From and after the time Plaintiff's claim was presented to STATE FARM, its liability to pay the claims in full in accordance with the terms of the Policy was clear.   However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have reasonably relied to deny the full payment.   STATE FARM's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20.    Additionally,   STATE   FARM   knowingly   or   recklessly   made   false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

21.    Because of STATE FARM's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm now representing Plaintiff with respect to these causes of action.

## VI.  CAUSES OF ACTION AGAINST ALLSTATE

**A.    BREACH OF CONTRACT**

22.    STATE FARM's conduct constitutes a breach of the insurance contract between it and Plaintiff.   Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

**B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**1.    UNFAIR SETTLEMENT PRACTICES**

23.    STATE FARM's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a).

All violations under this article are made actionable by TEX. INS. CODE §541.151.

24.    STATE FARM's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

25.    STATE FARM's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

26.    STATE FARM's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**2.    THE PROMPT PAYMENT OF CLAIMS**

27.    STATE FARM's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

28.    STATE FARM's failure to acknowledge receipt of Plaintiff's claim, commence

investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

29.     STATE FARM's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

30.     STATE FARM's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

C.     **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

31.     STATE FARM's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

32.     STATE FARM's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VII.  KNOWLEDGE

33.     Each of the acts described above, together and singularly, was done "knowingly" by STATE FARM as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## VIII. DAMAGES

34.     Plaintiff would show that all aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

35.     As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of STATE FARM's mishandling of Plaintiff's claim in violation of the laws set forth above.

36.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

37.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

38.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as any penalties and interests per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

39.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

40.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore,

Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

41. In addition, as to any exclusion, condition, or defense pled by STATE FARM, Plaintiff would show that:

a. The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claims, including the cost of access to fix the damages;

b. Any other construction and its use by the STATE FARM violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

c. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

d. In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such Policy mandate the construction and interpretation urged by Plaintiff;

e. In the alternative, STATE FARM is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

f. In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## IX.  DEMAND FOR JURY

42.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of this Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## X.  REQUEST FOR DISCOVERY

43.    Pursuant to the Texas Rules of Civil Procedure 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(k).

44.    You are also requested to respond separately to the attached Interrogatories, Request for Production, and Request for Admission, and responses must be served in compliance with Rule 194.4 of the Texas Rules of Civil Procedure, to the undersigned attorney Jacqueline M. Sandoval at **PERRY DOMINGUEZ LAW FIRM PLLC, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217,** within fifty (50) days after service.

Defendant is further notified of the duty under the Texas Rules of Civil Procedure to supplement discovery answers and responses if the answer or response was incorrect when made; or if the answer or response, though correct when made, is no longer correct, true, or complete.

## XI.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that STATE FARM be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against STATE FARM for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of

declaratory judgment against the STATE FARM, to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

**PERRY DOMINGUEZ LAW FIRM PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone: (210) 562-2879
Facsimile: (210) 570-2322
Email:  jacqueline@pdattorney.com

BY:       _____

Jacqueline M. Sandoval
State Bar No. 24096652

**ATTORNEY FOR PLAINTIFF**

11 of 20

## DEFINITIONS AND INSTRUCTIONS

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.   If you claim that any document which is required to be identified or produced by you in any response is privileged:
   1.   Identify the document's title and general subject matter;
   2.   State its date;
   3.   Identify all persons who participated in its preparation;
   4.   Identify the persons for whom it was prepared or to whom it was sent;
   5.   State the nature of the privilege claimed; and
   6.   State in detail each and every fact upon which you base your claim for privilege.

D.   "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys.   The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.   "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.   In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
   1.   His or her name;
   2.   His or her last known business and residence address and telephone number; and
   3.   His or her business affiliation or employment at the date of the

transaction, event or matter referred to.

G.    If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 15 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.    "Plaintiff" and "PLAINTIFFS" includes all Plaintiff, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I.    "Property" means the property at issue in the lawsuit.

J.    "Lawsuit" means this lawsuit.

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k), as described below:

(a)     the correct names of the parties to the lawsuits;

(b)     the name, address, and telephone number of any potential parties;

(c)     the legal theories and, in general, the factual basis of Plaintiffs' claims;

(d)     the amount and any method of calculating economic damages;

(e)     the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)     for any testifying expert:
    (1)     the expert's name, address and telephone number;
    (2)     the subject matter on which the expert will testify;
    (3)     the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Defendant, documents reflecting such information;
    (4)     if the expert is retained, employed by or otherwise subject to the control of Plaintiffs:
        (A)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;
        (B)     the expert's current resume and bibliography;

(g)     any indemnity or insuring agreements;

(h)     any settlement agreements, described in Rule 192.3(g);

(i)     any witness statements, described in Rule 192.3(h);

(j)     all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)     all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

## INTERROGATORIES TO DEFENDANT

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

    ANSWER:

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    ANSWER:

3.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

    ANSWER:

4.  Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

    ANSWER:

5.  Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

    ANSWER:

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

    ANSWER:

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    ANSWER:

8.  Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

    ANSWER:

9.  Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

    ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

    ANSWER:

11. State whether Defendant applied depreciation to the tear-off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

    ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

    ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.
    ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

    ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.
    ANSWER:

16. Identify all individuals who have inspected the subject property on behalf of or at the direction of State Farm.
    ANSWER:

## REQUESTS FOR PRODUCTION TO DEFENDANT

1.    The following insurance documents issued for the Property as identified in the Petition:
      a.   the Policy at issue for the May 9, 2019 storm as identified in the
Petition; and
      b.   the Policy declarations page for the 3 years preceding the storm and
any respective endorsements in effect during that time.

RESPONSE:

2.    Produce underwriting files and documents relating to the underwriting for all insurance Policy for the Property at issue.  This request is limited to the past 5 years.  To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:

3.    All documents relating to the condition or damages of the Property or any insurance claim on the Property.

RESPONSE:

4.    All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years.  To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

5.    All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

6.    All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

RESPONSE:

7.    All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit.  This request is limited to the past 5 years.  To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

8.    Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

9.    A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and his managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

10.   If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

11.   All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

12.   All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

13.   All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the May 9, 2019 claimed by Plaintiff(s).

RESPONSE:

14. All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

15. The claim file related to the claim made the basis of this lawsuit, including all communications between Plaintiff and Defendant, and any of Defendant's agents.

RESPONSE:

16. All documents created as a response to the claim made the basis of this lawsuit that break down the cost of repairs, assessment of property damage, and the estimated amount coverable under the Policy.

RESPONSE:

**FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT**

**REQUEST FOR ADMISSION NO. 1.**   Admit you committed statutory bad faith in adjusting Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2.**   Admit you committed common law bad faith in adjusting Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3.**   Admit you breached the insurance agreement by failing to pay the full amount owed there under.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4.**   Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5.**   Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

**RESPONSE:**



CERTIFIED MAIL®

USPS CERTIFIED MAIL

9214 8901 9403 8302 6013 10

19972A

NEOPOST
12/16/2019
US POSTAGE $006.70°

FIRST-CLASS MAIL

ZIP 78028
041M11450547

*Dawn Kay Lantz*
**District Clerk, Kerr County**
700 Main St., Ste. 236 Courthouse
Kerrville, Texas 78028

State Farm Lloyds
Registered Agent Corporation Service Company
211 E 7th Street Suite 620
Austin TX  78701

Filed 1/9/2020 10:58 AM
Dawn Kay Lantz
District Clerk - Kerr County, TX
By: Dawn Lantz

## CAUSE NO. 19972A

| | | |
|---|---|---|
| **LINDA FALGIANI** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| **v.** | § | **216ᵀᴴ JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant** | § | **KERR COUNTY, TEXAS** |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

NOW COMES Defendant State Farm Lloyds and files its Original Answer, and would respectfully show as follows:

### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies the allegations contained in the Original Petition, and any amendments and supplements thereto, and demands strict proof by a preponderance of the evidence as required by Texas law.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **State Farm Lloyds** respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
David R. Stephens
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cholloway@lstlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant **State Farm Lloyds'** Original Answer was served by facsimile and/or electronic service on the **9th** day of **January 2020**, upon the following counsel of record:

Jacqueline M. Sandoval
Perry Dominguez Law Firm PLLC
1045Cheever Blvd., Suite 103
San Antonio, Texas 78217
jacqueline@pdattorney.com

_____
Carrie D. Holloway

# Exhibit  B

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LINDA FALGIANI** | § | |
| | § | |
| | § | |
| | § | |
| **vs.** | § | **Civil Action No.** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant** | § | |

---

### LIST OF ALL COUNSEL OF RECORD

---

<u>Party</u>                                               <u>Attorney(s)</u>

Linda Falgiani                                        Jacqueline M. Sandoval
                                                             State Bar No. 24096652
                                                             PERRY DOMINGUEZ LAW FIRM PLLC
                                                             1045 CheeverBlvd., Suite 103
                                                             San Antonio, Texas 78217
                                                             (210) 562-2879 (telephone)
                                                             (210) 570-2322 (facsimile)
                                                             jacqueline@pdattorney.com


State Farm Lloyds                                  David R. Stephens
                                                             State Bar No. 19146100
                                                             Carrie d. Holloway
                                                             State Bar No. 24028270
                                                             LINDOW ▪ STEPHENS ▪ TREAT LLP
                                                             One Riverwalk Place
                                                             700 N. St. Mary's Street, Suite 1700
                                                             San Antonio, Texas 78205
                                                             (210) 227-2200 (telephone)
                                                             (210) 227-4602 (facsimile)
                                                             dstephens@lstlaw.com
                                                             cholloway@lstlaw.com